## DECKER v. ALEXANDER.

No. 21298. Opinion Filed Sept. 20, 1932.

R. R. Rittenhouse, for plaintiff in error.

W. E. Wells and Erwin & Erwin, for defendant in error.

KORNEGAY, J. This cause originated in a justice of the peace court in Lincoln county. It resulted in the lower court in a judgment for the plaintiff, who is now the defendant in error, L. C. Alexander, the case being tried by the justice and the amount of the recovery being $156.

The plaintiff in error appealed to the district court, and the case was there tried anew and was submitted to a jury, resulting in a verdict in favor of the defendant in error, the plaintiff below, followed by a judgment for $200 and costs. Several objections were made as the case progressed, and motion for new trial was filed and overruled, and proceeding in error brought to this court.

Typewritten brief has been filed by plaintiff in error in which an abstract of the testimony and proceedings is set out, and there are various assignments of error, but the only matter argued is that the evidence did not warrant the verdict and judgment,

and the argument is made that the plaintiff in error and defendant in error did not reach an agreement upon the question of building the house, that was the subject-matter of the contract, the breach of which was complained of.

An examination of the entire record convinces us that by far the preponderance of the evidence showed that each of the parties thoroughly understood that they had arrived at the making of a contract for the building of a house. It is further shown in the evidence that the oral contract was witnessed by two witnesses, who corroborate the plaintiff below as to the agreement. Taking the testimony of the defendant, and viewing it from all four corners, his own testimony comes very near showing that he recognized at all times that he had made an agreement that was sufficiently definite in terms to bind the parties, and that he also knew that the defendant in error had partly performed the work and had gone to expense and spent time about the planning of the work, and that later he thought he could get it done cheaper and repudiated his contract.

The jury found in accordance with the preponderance of the evidence and assessed the plaintiff's damage at $200. There was ample evidence to sustain this, and no other assignments being discussed, and a review of the entire testimony showing that there was no substantial ground of complaint of the action of the court, this cause is accordingly affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and HEFNER and ANDREWS, JJ., absent.